**The below described is SIGNED.**

**Dated: July 29, 2011**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>C.W. MINING COMPANY, dba Co-Op Mining Company,<br><br>Debtor. | Bankruptcy No. 08-20105<br><br>Chapter 7<br><br>Miscellaneous Adversary Proceeding No. 11-8001<br><br>[Consolidated Proceedings Regarding Hiawatha Coal Proceeds Issues]<br><br>Judge R. Kimball Mosier |
| KENNETH A. RUSHTON, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>DEFENDANTS RE HIAWATHA COAL PROCEEDS, including:<br>**09-2047**,Standard Industries, Inc., ABM, Inc. Fidelity Funding Company, Security Funding, Inc., World Enterprises, and UtahAmerican Energy, Inc.<br>**09-2248**,C.O.P. Coal Development Company, Hiawatha Coal Company, Inc. And ANR, Inc., Paul Kingston, an individual, Joseph O. Kingston, an individual, and Charles Reynolds, an individual, John David Kingston, Jr., an individual, World Enterprises, Standard Industries, Inc., Fidelity Funding Company, Security Funding, Inc., ABM, Inc.<br>**09-2375**,C.O.P. Coal Development Company, Hiawatha Coal Company, Inc. ABM, Inc., World Enterprises, Standard Industries, Inc., Fidelity Funding Company, Security Funding, Inc., | **STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING SUMMARY JUDGMENT** |

| | |
|---|---|
| Railco, Inc., A-Fab Engineering, Inc., Latter Day Church of Christ aka Latter Day Church of Jesus Christ, Intermountain Power Agency, Commonwealth Coal Services, Inc., Nevada Power Company and Tennessee Valley Authority.<br>**10-2739**,Attco Trucking Company, Inc. dba CTC Trucking and CTC Trucking LLC.<br>10-2755,World Enterprises, a Utah corporation; World Enterprises, a Nevada corporation; Mountain Coin Distributors, a Utah corporation; and Mountain Coin Machine Distributors, as dba of each of the defendants,,<br>**10-2756** ,Golden West Industries, Inc.<br>**10-2764**,Latter Day Church of Christ<br>**10-2765**,Fidelity Funding Company<br>**10-2766**,Fidelity Funding Company<br>**10-2767**,Fidelity Funding Company<br>**10-2768**,Fidelity Funding Company<br>**10-2769**,Railco, Inc.<br>**10-2770**,Ninth Street Development, LLC, Ninth Street, Inc.<br>**10-2771**,Railco, Inc.<br>**10-2772**,Rachel Young, James Young, Jessica Young, Fidelity Funding Company, and Carl E. Kingston, as Trustee under Deed of Trust<br>**10-2773**,Coalt, Inc.<br>**10-2774**,N.W.R. Limited Partnership and its general partner N.U.R., Inc.<br>**10-2775**,Four Corners Precision Mfg. Co.<br>**10-2776**,Ninth Street Development, LLC, Ninth Street, Inc.<br>**10-2777**,Four Corners Precision Mfg. Co.<br>**10-2778**,D.U. Company, Inc.<br>**10-2779**,Railco, Inc.<br>**10-2780**,Railco, Inc.<br>**10-2781**,SMC Electrical Products, Inc., Becker Mining America, Inc.<br>**10–2782**,L.A. Miller | |

ORDER SIGNED

| | |
|---|---|
| **10-2783**,Attco Trucking Company, Inc. dba CTC Trucking, and CTC Trucking LLC<br>**10-2785**,Graymont Western US, Inc., Hiawatha Coal Company and Standard Industries, Inc.<br>**10-2787**,Standard Industries, Inc.<br>**10-2789**,America West Marketing, Inc. Hiawatha Coal Company, Inc. and Standard Industries, Inc.<br>**10-2791**,Coalt, Inc.<br>**10-2810**,Security Funding Company<br>**10-2816**,Tennessee Valley Authority and Standard Industries, Inc.<br>**10-2818**,National Business Management, Inc. and Ruth Brown dba "NBM"<br>**10-2819**,National Business Management, Inc. and Ruth Brown dba "NBM"<br>**10-2820**,National Business Management, Inc. and Ruth Brown dba "NBM<br>**10-2853**,House of Pumps, Inc.<br>**10-2855**,Trimac Transportation Central, Inc.<br>**10-2865**,Standard Industries, Inc.<br><br>        Defendants. | |

## PROCEDURAL HISTORY

1. In the course of Bankruptcy Case No. 08-20105, *In re C.W. Mining Company*, Kenneth A. Rushton, the Chapter 7 Trustee ("Trustee") has filed multiple adversary proceedings against multiple parties.

2. A number of these adversary proceedings (the "Severed Coal Adversary Proceedings") raise common issues of law and fact about whether coal ("Severed Coal") mined by Hiawatha Coal Company ("Hiawatha") from the Bear Canyon Mine ("Mine") and the

3. payments made for such coal was property of the Debtor's bankruptcy estate ("Estate") under 11 U.S.C. § 541.

4. The Severed Coal Adversary Proceedings are identified in the caption above.

5. On February 22, 2011, this Court entered its Order Consolidating Adversary Proceedings For Hearing and Trial and Ordering a Separate Trial on Issues Related to Proceeds of Coal Mined By Hiawatha Coal Company, Inc. ("Hiawatha Coal Consolidation Order"), Dkt. No. 1, Adv. Pro. No. 11-08001 ("Hiawatha Coal Proceeding").

6. On February 22, 2011, the Court entered the Hiawatha Coal Consolidation Order in each of the Severed Coal Adversary Proceedings.

7. Commonwealth Coal Services, Inc., the Intermountain Power Agency, Nevada Power Company, and the Tennessee Valley Authority (collectively "Coal Purchasers") are among the defendants in Adv. Pro. No. 09-02375, one of the Severed Coal Adversary Proceedings.

8. In Adv. Pro. No. 09-02375, the Trustee has, *inter alia*, asserted against Coal Purchasers and other defendants that the Severed Coal was property of the Estate under 11 U.S.C. § 541.

9. In the other Severed Coal Adversary Proceedings, the Trustee has asserted, *inter alia*, that the defendants in such other proceeding were either initial or subsequent transferees of the money paid by Coal Purchasers to Standard Industries for the Severed Coal ("Severed Coal Proceeds"), and must return the Severed Coal Proceeds to the Estate.

10. On March 4, 2011, Coal Purchasers filed a motion for summary judgment in the Hiawatha Coal Proceeding, Dkt. No. 2, seeking a judgment that the Severed Coal was not property of the Estate under 11 U.S.C. §541, had never been property of the Estate, and

regardless, because the Trustee had sought and received certain remedies under 11 U.S.C. §§ 549 and 550 as to the Mine ("Section 550 Rulings"), he had already received all the relief to which he was entitled concerning ownership of the Severed Coal, and was precluded from seeking further relief.

11. On March 4, 2011, the Trustee filed a motion for partial summary judgment in the Hiawatha Coal Proceeding, Dkt. No. 4, seeking a judgment that the Severed Coal was property of the Estate, and that the Trustee's claim was not precluded by the Section 550 Rulings.

12. The Trustee asserted in his memorandum in support of his motion for partial summary judgment, Dkt No. 5, that the Debtor had expended significant sums to prepare the Severed Coal for mining, and submitted a report from Norwest Corporation describing this process.

13. On April 15, 2011, Coal Purchasers filed their "Motion to Alternatively Defer Decision On Motion of Trustee for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56(d)[,]" asserting that the Trustee's assertions of sums expended by the Debtor, even if true, were immaterial to the issue of whether the Severed Coal was property of the Estate, but that if the Court disagreed, then Coal Purchasers should be permitted discovery on this issue, including on how much was spent and how much of what was spent was actually the Debtor's money ("Rule 56(d) Motion").

14. On April 25, 2011, Dkt. No. 63, the Trustee filed his opposition to the Rule 56(d) Motion.

15. On April 26, 2011, Dkt. No. 64, Hiawatha joined the Rule 56(d) Motion.

16. On April 29, 2011, Dkt. No. 66, C.O.P. Coal Development Company, Standard Industries, Inc., ABM, Inc., World Enterprises, Security Funding, Fidelity Funding, and M.B.S.C., Inc., joined the Rule 56(d) Motion.

17. On May 2, 2011, Dkt. No. 68, Attco Trucking, Inc., Coalt, Inc., D. U. Company, Inc., Four Corners Precision Mfg., Inc., Latter Day Church of Christ, Ninth Street Development, Inc., Railco, Inc., L. A. Miller, Rachel Young, James Young, and Jessica Young joined the Rule 56(d) Motion.

18. On May 10, 2011, Dkt. No. 72, A-Fab Engineering, Inc., National Business Management, Inc., Ruth Brown, NWR Limited Partnership and N.U.R., Inc. joined the Rule 56(d) Motion.

19. At the conclusion of a May 13, 2011 hearing on the Rule 56(d) Motion, the Court stated in open court that it would defer decision on the Rule 56(d) Motion pending the hearing, on June 7, 2011, on the pending motions for summary judgment.

20. On May 25, 2011, Dkt. No. 82, the Court entered its "Order Deferring Decision On Alternative Rule 56(D) Motion."

21. On April 15, 2011, Dkt. No. 48, C.O.P. Coal Development Company, Standard Industries, Inc., ABM, Inc., World Enterprises, Security Funding, Fidelity Funding and M.B.S.C., Inc. filed a motion for partial summary judgment declaring that the Severed Coal was not property of the Estate, and that the Section 550 Rulings preclude the Trustee from seeking further relief as to the Severed Coal or its value.

22. On April 15, 2011, Hiawatha filed a cross-motion for summary judgment, Dkt. No. 51, seeking a judgment that the Severed Coal was not property of the Estate and that the

6

Trustee was precluded by the Section 550 Rulings from seeking recovery of the Severed Coal or its value.

23. On April 29, 2011, Dkt. No. 65, C.O.P. Coal Development Company, Standard Industries, Inc., ABM, Inc., World Enterprises, Security Funding, Fidelity Funding, and M.B.S.C., Inc. joined the Hiawatha cross-motion for summary judgment (Dkt. No. 51).

24. On May 2, 2011, Dkt. No. 67, Attco Trucking, Inc., Coalt, Inc., D. U. Company, Inc., Four Corners Precision Mfg., Inc., Latter Day Church of Christ, Ninth Street Development, Inc., Railco, Inc., L. A. Miller, Rachel Young, James Young, and Jessica Young joined Hiawatha's cross-motion for summary judgment (Dkt. No. 51).

25. On May 10, 2011, A-Fab Engineering, Inc., National Business Management, Inc., Ruth Brown, NWR Limited Partnership and N.U.R., Inc. joined, Dkt. No. 71, the Hiawatha cross-motion for summary judgment (Dkt. No. 51).

26. On May 10, 2011, A-Fab Engineering, Inc., National Business Management, Inc., Ruth Brown, NWR Limited Partnership and N.U.R., Inc. joined, Dkt. No. 73, in the motion for partial summary judgment filed by C.O.P. Coal Development Co., et al. (Dkt. No. 48).

27. On May 11, 2011, Dkt. No. 74, Attco Trucking, Inc., Coalt, Inc., D. U. Company, Inc., Four Corners Precision Mfg., Inc., Latter Day Church of Christ, Ninth Street Development, Inc., Railco, Inc., L. A. Miller, Rachel Young, James Young, and Jessica Young joined, Dkt. No. 74, in the motion for partial summary judgment filed by C.O.P. Coal Development Co., et al. (Dkt. No. 48).

UNDISPUTED FACTS

1. This bankruptcy case was commenced under Chapter 11 by an involuntary petition filed January 8, 2008 ("Petition Date"), designating the Debtor as C.W. Mining Company, d/b/a Co-op Mining Company.

2. An order for relief was entered on September 26, 2008.

3. The case was converted to one under Chapter 7 on November 13, 2008.

4. The Trustee was appointed on November 19, 2008.

5. In March 1997 the Debtor and C.O.P. Coal Development Company ("C.O.P.") entered into a coal operating agreement (the "1997 Operating Agreement").

6. The 1997 Operating Agreement covers land that is owned in fee by C.O.P. ("Fee Land") and land that C.O.P. leases from the federal government ("Federal Land").

7. The 1997 Operating Agreement gave the Debtor the exclusive right to mine coal on the Fee Land and Federal Land for the term of 25 years, beginning March 1, 1997, and extending to February 28, 2022.

8. The Debtor took possession of the Bear Canyon Mine and mined coal on the property covered by the 1997 Operating Agreement, such that the Bureau of Land Management deemed both C.O.P. and ANR, Inc. to have satisfied their minimum mining requirements under the Bear Canyon Logical Mining Unit.

9. The Debtor began producing coal by the longwall method for the first time a few months prior to the Petition Date.

10. As the Trustee asserted on February 7, 2011, "[i]n June of 2008, the Debtor entered into an agreement under which it sold all of its assets, equipment, personal property and

other movable assets and physical possession of the mine to Hiawatha, which sale was subsequently avoided under § 549 pursuant to a complaint filed by the Trustee."[1]

11. After taking possession of the Mine, Hiawatha severed and removed the Severed Coal, delivering most of the Severed Coal to third parties, including Coal Purchasers.

12. Coal Purchasers paid Standard Industries, Inc. at their respective contract rates, for the Severed Coal that they purchased and received.

CONCLUSIONS OF LAW

1. Under Fed.R.Civ.P. 56(a), applicable to the Hiawatha Coal Proceeding via Fed. R. Bank. Pro. 7056, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

2. When applying this standard, the Court must examine the factual record in the light most favorable to the party opposing summary judgment, extending to that party all reasonable factual inferences.

3. While the movant bears the burden of showing the absence of a genuine issue of material fact, the movant need not negate the non-movant's claim. If the movant carries its initial burden, the non-movant may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. An issue of material fact is genuine if a reasonable fact-finder could return a verdict for the non-movant.

---

[1] *Rushton v. Woodbury & Kesler P.C.*, Adv. Pro. No. 09-02382, Second Amended Complaint, Dkt. No. 72 (Bankr. D. Utah February 7, 2011), ¶ 38.

4. Further, "the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). *See also Omas v. Int'l Business Machines*, 48 F.3d 478, 486 (10th Cir. 1995) ("A fact is 'material' only if it 'might affect the outcome of the suit under the governing law.'") (citing *Liberty Lobby*).

5. After reviewing in detail the motions, memoranda in support and memoranda in opposition, responses, replies, joinders, and the arguments of counsel presented on June 7, 2011, and considering the facts that are undisputed, the Court concludes as a matter of law that the Severed Coal, and the Severed Coal Proceeds, were never property of the Debtor or the Estate.

6. Although Section 541 of the Code is broadly construed to include all property interests held by the pre-petition Debtor, whether vested or contingent, *U.S. v. Rauer*, 963 F.2d 1332 (10th Cir. 1992), "'[p]roperty interests are created and defined by state law,'" and "'[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.'" *Travelers Cas. & Surety Co. of America v. Pacific Gas & Elect. Co.*, 549 U.S. 443, 451 (2007) (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)).

7. Accordingly, the Court must look to state law to determine whether the Severed Coal was ever property of the Estate. With respect to this issue, *Benton v. State of Utah,* 709 P.2d 362 (Utah 1985) is controlling.

8. Under *Benton*, contractual provisions such as those contained in the 1997 Operating Agreement "'[do] not transfer the land," but give the holder "an incorporeal hereditament, a right to quarry and take stone from the area involved. This stone [becomes] the

property of [the lessees] only upon its actual severance. There can be no property in rock, and the title thereto cannot be divested or acquired until it has been taken from the earth.'" *Id*. at 366 (citations omitted).

9. The property of the Estate was the Debtor's contractual right to mine coal under the 1997 Operating Agreement. The Debtor's contractual right under the 1997 Operating Agreement was a "profit à prendre,"

10. As set forth in *Benton*, a profit à prendre gives no title to minerals in the ground and no title to minerals severed by others. The 1997 Operating Agreement granted the Debtor no title to coal in situ, and granted the Debtor title to coal only that the Debtor itself actually severed. It is undisputed that the Debtor did not sever the Severed Coal. The Estate, as a matter of law and undisputed fact, does not have title to the Severed Coal or the Severed Coal Proceeds, and never had such title.

11. The Trustee raises numerous arguments to support his assertion that the Severed Coal is property of the Estate, including the following:

    (a) that the Debtor and not Hiawatha held the DOGM permit during the period in question;

    (b) That the Debtor did significant preparation work in the mine to make longwall mining extraction possible;

    (c) That the Bankruptcy Estate must pay federal royalties for the severed coal;

    (d) That the Debtor's sale of the mine to Hiawatha was a violation of the automatic stay; and

    (e) That for equitable reasons the Severed Coal should be found to be property of the Estate.

12. Defendants' Rule 56(d) Motion is addressed to the assertion contained in paragraph 11(b). Defendants assert that it is immaterial under the governing law how much

11

money the Debtor spent to prepare for longwall mining, but that if the Court disagrees, then defendants are entitled to discovery of the basis for this assertion, including how much was actually spent, and how much of what was spent was actually the Debtor's money.

13. As set forth in the Procedural History, the Court deferred ruling on the Rule 56(d) Motion pending the June 7, 2011 hearing on the parties' motions for summary judgment.

14. The Court now determines that the Rule 56(d) Motion should be denied as moot, because even if the Trustee's assertions of "significant" Debtor expenditures were correct, it would make no difference under the substantive law of *Benton.*

15. As to the Trustee's assertions contained in paragraph 11, *supra*, defendants either dispute such assertions or the legal effect the Trustee seeks to draw from such assertions. The Court need not resolve these issues because they are immaterial to the issue of the Debtor's and Estate's lack of title to the Severed Coal and Severed Coal Proceeds. Under governing law, even if the Trustee's assertions are true, they do not effect a transfer of title to the coal in situ, the Severed Coal or its proceeds.

16. To the extent that, in addition to his claims of title under Section 541 and 542 to the Severed Coal and Severed Coal Proceeds, the Trustee has asserted avoidance and recovery claims against defendants in the Severed Coal Adversary Proceedings under Sections 549 and 550 of the Code, Section 549 of the Code is not implicated unless there has been transfer of property of the estate. Because neither the Severed Coal nor its proceeds were ever property of this Estate, the Trustee has no avoidance claims with respect to the Severed Coal or its proceeds.

17. The Court's rulings here are limited strictly to the Trustee's claim that the Severed Coal and the Severed Coal Proceeds either were or are property of the Estate, and are

not intended to foreclose other claims the Trustee may have under, or with respect to, the 1997 Operating Agreement itself.

18.     The issue of whether the Section 550 Rulings, the doctrine of res judicata, or other preclusion doctrines bar the Trustee's claims that are unrelated to Severed Coal and Severed Coal Proceeds is not consolidated into this Hiawatha Consolidated Proceeding, and the Court is not making any findings or holdings concerning such issues.

End of Document

