**The below described is SIGNED.**

Dated: November 07, 2011

/s/ R. Kimball Mosier
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| In Re:<br><br>C.W. MINING COMPANY, doing business as Co-Op Mining Company,<br><br>Debtor.<br>_____<br><br>KENNETH A. RUSHTON, Trustee,<br><br>Plaintiff,<br>vs.<br><br>DEFENDANTS RE HIAWATHA COAL PROCEEDS, including:<br>**09-2047**, Standard Industries, Inc., ABM, Inc. Fidelity Funding Company, Security Funding, Inc., World Enterprises, and UtahAmerican Energy, Inc.<br>**09-2248**, C.O.P. Coal Development Company, Hiawatha Coal Company, Inc. And ANR, Inc., Paul Kingston, an individual, Joseph O. Kingston, an individual, and Charles Reynolds, an individual, John David Kingston, Jr., an individual, World Enterprises, Standard Industries, Inc., Fidelity Funding Company, Security Funding, Inc., ABM, Inc.<br>**09-2375**, C.O.P. Coal Development Company, Hiawatha Coal Company, Inc. ABM, Inc., World Enterprises, Standard Industries, Inc., Fidelity Funding Company, Security Funding, Inc., Railco, Inc., A-Fab Engineering, Inc., Latter Day Church of | Bankruptcy No. 08-20105<br><br>Chapter 7<br><br>Miscellaneous Adversary Proceeding No. 11-8001<br><br>[Consolidated Proceedings Regarding Hiawatha Coal Proceeds Issues]<br><br>Judge R. Kimball Mosier<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING TRUSTEE'S MOTION TO DESIGNATE ORDER [GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT IN HIAWATHA COAL PROCEEDING, DENYING MOTION OF TRUSTEE FOR PARTIAL SUMMARY JUDGMENT, AND DISMISSING DEFENDANTS' RULE 56(d) MOTION AS MOOT] AS A FINAL ORDER UNDER FED. R. CIV. P. 54(b)**<br><br>[Filed Electronically] |

1

| | |
|---|---|
| Christ aka Latter Day Church of Jesus Christ, Intermountain Power Agency, Commonwealth Coal Services, Inc., Nevada Power Company and Tennessee Valley Authority.<br>**10-2739**, Attco Trucking Company, Inc. dba CTC Trucking and CTC Trucking LLC.<br>**10-2755**, World Enterprises, a Utah corporation; World Enterprises, a Nevada corporation; Mountain Coin Distributors, a Utah corporation; and Mountain Coin Machine Distributors, as dba of each of the defendants,<br>**10-2756**, Golden West Industries, Inc.<br>**10-2764**, Latter Day Church of Christ<br>**10-2765**, Fidelity Funding Company<br>**10-2766**, Fidelity Funding Company<br>**10-2767**, Fidelity Funding Company<br>**10-2768**, Fidelity Funding Company<br>**10-2769**, Railco, Inc.<br>**10-2770**, Ninth Street Development, LLC, Ninth Street, Inc.<br>**10-2771**, Railco, Inc.<br>**10-2772**, Rachel Young, James Young, Jessica Young, Fidelity Funding Company, and Carl E. Kingston, as Trustee under Deed of Trust<br>**10-2773**, Coalt, Inc.<br>**10-2774**, N.W.R. Limited Partnership and its general partner N.U.R., Inc.<br>**10-2775**, Four Corners Precision Mfg. Co.<br>**10-2776**, Ninth Street Development, LLC, Ninth Street, Inc.<br>**10-2777**, Four Corners Precision Mfg. Co.<br>**10-2778**, D.U. Company, Inc.<br>**10-2779**, Railco, Inc.<br>**10-2780**, Railco, Inc. | |

| | |
|---|---|
| **10-2781**, SMC Electrical Products, Inc., Becker Mining America, Inc.<br>**10-2782**, L.A. Miller<br>**10-2783**, Attco Trucking Company, Inc. dba CTC Trucking, and CTC Trucking LLC<br>**10-2785**, Graymont Western US, Inc., Hiawatha Coal Company and Standard Industries, Inc.<br>**10-2787**, Standard Industries, Inc.<br>**10-2789**, America West Marketing, Inc. Hiawatha Coal Company, Inc. and Standard Industries, Inc.<br>**10-2791**, Coalt, Inc.<br>**10-2810**, Security Funding Company<br>**10-2816**, Tennessee Valley Authority and Standard Industries, Inc.<br>**10-2818**, National Business Management, Inc. and Ruth Brown dba "NBM"<br>**10-2819**, National Business Management, Inc. and Ruth Brown dba "NBM"<br>**10-2820**, National Business Management, Inc. and Ruth Brown dba "NBM"<br>**10-2853**, House of Pumps, Inc.<br>**10-2855**, Trimac Transportation Central, Inc.<br>**10-2865**, Standard Industries, Inc.<br><br>Defendants. | |

On October 12, 2011, this matter came before the Court on Plaintiff Kenneth A. Rushton's, Chapter 7 Trustee (the **"Trustee"**)**,** *Motion to Designate Order [Granting*

*Defendants' Motions for Summary Judgment in Hiawatha Coal Proceeding, Denying Motion of Trustee for Partial Summary Judgment, and Dismissing Defendants' Rule 56(d) Motion as Moot] as a Final Order Under Fed. R. Civ. P. 54(b)* (the **"Motion"**). Michael Zundel appeared on behalf of the Trustee, Kenneth A. Rushton. P. Matthew Cox and Kim Wilson appeared on behalf of C.O.P. Coal Development Company *et al.*, and Robert Scott appeared on behalf of Tennessee Valley Authority and Commonwealth Coal Services, Inc. and Peter Guyon appeared on behalf of Hiawatha Coal Company.

Having considered the Motion and the opposition thereto, and good cause appearing therefor, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1.  In the course of administering the Chapter 7 bankruptcy of C. W. Mining Company (the **"Debtor"**), the Trustee has initiated several adversary proceedings in which his claims give rise to the following issue: whether coal (and proceeds thereof) removed from the Bear Canyon Coal Mine (the **"Mine"**) by Hiawatha Coal Company, Inc. (the **"Severed Coal"** and **"Hiawatha**,**"** respectively) in violation of the automatic stay and sold to Commonwealth Coal Services, Inc., the Intermountain Power Agency,

4

Nevada Power Company, and the Tennessee Valley Authority (collectively, the **"Coal Purchasers"**) is property of the bankruptcy estate under 11 U.S.C. § 541.

2. On February 22, 2011, this Court created Miscellaneous Consolidated Proceeding No. 11-8001 (**"11-8001"**) for the purpose of determining whether the Severed Coal was property of the estate. *See AP 11-8001, Dkt. 1.*

3. Thirty-eight adversary proceedings were consolidated into 11-8001 (hereinafter, the **"Consolidated APs"**). *See id.*

4. Many of the Consolidated APs contain claims in which whether the Severed Coal is property of the bankruptcy estate is not an issue (the **"Unrelated Claims"**). These Unrelated Claims are separate and distinct from the Trustee's claims which rely on proving that the Severed Coal is property of the estate. For example, many of the Unrelated Claims relate to payments for or transfers of coal other than the Severed Coal, *i. e.,* coal that was removed from the mine by the Debtor prior to Hiawatha taking possession of the Mine. The Trustee's Fifth, Tenth and Eleventh Claims in AP 09-2375 all fall within this category of claims. *See AP 09-2375, Second Amended Complaint, Dkt. 94. Other types* of Unrelated Claims are those claims that arise primarily from

violations of the automatic stay. The Trustee's Eighth Claim in AP 09-2375 falls within this category. *See id.*

5.   Parties to 11-8001 submitted motions and cross-motions for summary judgment on the issue of whether the Severed Coal is property of the estate.

6.   At the conclusion of oral argument held June 7, 2011, the Court issued its oral ruling determining that under controlling state law, the Severed Coal is not and never was property of the estate.

7.   On July 29, 2011, the Court entered its *Order Granting Defendants' Motions for Summary Judgment, Denying Motion of Trustee for Partial Summary Judgment, and Dismissing Defendants' Rule 56(d) Motion as Moot (*the **"Order"** or the **"Order in 11-8001"**). *AP 11-8001, Dkt. 92.*

8.   The Court finds there is no factual or legal overlap between the Unrelated Claims and the claims related to the Severed Coal, which were resolved by the Order in 11-8001.

9.   The Order was docketed in each of the Consolidated APs, but was not intended to be finally dispositive of any of the Consolidated APs.

10. To resolve any potential uncertainty as to whether the Order in 11-8001 is an appealable final order, on September 8, 2011, the Trustee filed, under Fed. R. Civ. P. 54(b) and Fed. R. Bankr. P. 7054, a motion for certification that the Order is final. AP 11-8001, Dkt. 101.

## CONCLUSIONS OF LAW

11. Under Fed. R. Civ. P. 54(b) (**"Rule 54(b)"**), made applicable by Fed. R. Bankr. P. 7054, an order may be certified as final for purposes of appeal if (1) the order is "final" and (2) there is no just reason for delaying review of the order until the court has conclusively ruled on all claims in the case. *Oklahoma Turnpike Auth. v. Bruner,* 259 F.3d 1236, 1242 (10th Cir. 2001). The purpose of Rule 54(b) is to "avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all the parties until the final adjudication of the entire case by making immediate appeals available." *Id.*

12. To satisfy Rule 54(b)'s "finality" requirement, "an order must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 7 (1980) (quoting *Sears Roebuck & Co. v. Mackey,* 351 U.S. 427, 436 (1956)).

13. In determining whether there is no just reason for delay, courts "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 8 (1980). Judicial administrative interests include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the 'interest of sound judicial administration.'" *Id*. at 8 (citing *Sears, Roebuck & Co., supra,* 351 U.S. at 435-437 (citation omitted).

14. The Order in 11-8001 is "final" because it ultimately disposes of some, though not all, of the Trustee's claims in the Consolidated APs. While the Trustee's claims that are contingent on a finding that the Severed Coal is property of the estate under 11 U.S.C. § 541 have been resolved against the Trustee, the Order does not in any way impact the merits of many of the Trustee's other claims in the Consolidated APs.

15. The Order in 11-8001 is also final because it completely resolves the specific issue which the Court created 11-8001 to separately resolve.

16. Careful consideration of both judicial administrative interests and the equities involved, leads the Court to conclude that there is no just reason for delaying review of the Order until the Court has conclusively ruled on all claims asserted in the Consolidated APs.

17. Judicial administrative interests are served by immediate appeal because the Trustee's claims that are contingent upon a finding that the Severed Coal is property of the estate under 11 U.S.C. § 541 are separable from the unresolved claims remaining in the Consolidated APs and because allowing immediate appeal of the Order presents no risk that an appellate court will be presented with the same issue on multiple occasions. In determining that the Severed Coal is not property of the estate, the Court effectively resolved many of the Trustee's claims and substantially narrowed the remaining issues in this case. An immediate appeal will materially advance the speedy resolution of the litigation by establishing what claims remain in the case, further enabling the Trustee to determine how best (and most economically) to proceed.

18. The equities involved also militate in favor of allowing the immediate appeal of the Order. Because the Order effectively resolves many of the Trustee's claims, appellate review of the Order will substantially affect the Trustee's litigation plan for the balance of this case. It would be most efficient and fair to all the parties to have this discreet issue finally determined in this bankruptcy case so the Trustee can proceed as cost effectively as possible on his remaining claims, and the parties benefitted by the Order may determine in what capacity, if any, they remain in this case.

End of Document

## **CLERK'S CERTIFICATE**

  I hereby certify that on the \_\_\_\_ day of October, 2011, I electronically filed the foregoing using the CM/ECF System, which sent a notice of electronic filing to all parties whose names appear on the electronic mail notice list for this case.

                Clerk of the United Stated Bankruptcy
                Court

## CERTIFICATE OF SERVICE

I certify that on the 28th day of October, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a notice of electronic filing to all parties whose names appear on the electronic mail notice list for this case.

I further certify that on the 28th day of October, 2011, I served the foregoing by transmitting a copy of the same, via electronic transmission, to the following parties:

Gerald H. Suniville
(gsuniville@vancott. com)
Van Cott, Bagley, Cornwall & McCarthy
36 South State Street, Suite 1900
Salt Lake City, UT 84111

F. Mark Hansen (fmhlaw@comcast.net)
431 North 1300 West
Salt Lake City, UT 84116

Kim R. Wilson (krw@scmlaw.com)
P. Matthew Cox (mcox@scmlaw.com)
Snow Christensen & Martineau
10 Exchange Place, 1 1th Floor
Salt Lake City, UT 84111

Peter W. Guyon (pguyon@yahoo.com)
614 Newhouse Bldg.
10 Exchange Place
Salt Lake City, UT 84111

Carl E. Kingston
(carlkingston@yahoo.com)
3212 South State
Salt Lake City, UT 84115

Robert H. Scott
(robert. scott@akerman.com)
Akerman Senterfitt, LLP
50 West Broadway, Suite 475
Salt Lake City, UT 84111
David E. Kingston
(davidekingston@yahoo. com)
3212 South State
Salt Lake City, UT 84115

Ronald Rencher
(rrencher@parsonsbehle. com)
Mark W. Dykes
(mdykes@parsonsbehle.com)

David Billings
(dbillings@parsonsbehle.com)
Parsons Behle & Latimer
201 South Main, Suite 1800
Salt Lake City, UT 84145

Kevin Anderson
(kanderson@fabianlaw.com)
David R. Hague
(dhague@fabianlaw.com)
Fabian & Clendenin
215 South State, 12th Floor
Salt Lake City, UT 84151-0210

Edward C. Meade (ecmeade@tva.gov)
Richard E. Riggs (reriggs@tva.gov)
Tennessee Valley Authority
Office of the General Counsel
400 West Summit Hill Drive (WT 6A)
Knoxville, TN 37902

/s/ Glenn R. Bronson

G:\tow\CW Mining\Avoidance Actions\00-Adversary Proceedings\11-8001 Consolidated AP re Hiawatha Coal\Proposed findings of fact and conclusions of law in support of Order Granting Trustee's 54(b) Motion (v4).doc