Brent D. Wride (5163)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT  84145-0385
Telephone: 801-532-1500
Facsimile:  801-532-7543
Email:  bwride@rqn.com

*Proposed Attorneys for Trustee*
*Attorneys for Aquila, Inc.*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: <br><br> C. W. MINING COMPANY, dba Co-Op Mining Company, <br><br> Debtor. | Bankruptcy Case No. 08-20105 RKM <br> (Chapter 11) <br><br> **DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL and STATEMENT OF ISSUES PRESENTED** |
| GARY E. JUBBER, Trustee, <br><br> Plaintiff, <br><br> vs. <br><br> DEFENDANTS RE HIAWATHA COAL PROCEEDS, <br><br> Defendants. | Miscellaneous Adversary Proceeding No. 11-08001 <br><br> Hon. R. Kimball Mosier <br><br> (Electronically Filed) |

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Gary E. Jubber, the Chapter

11 Trustee, and Aquila, Inc. (collectively, the "**Appellants**") hereby submit this designation of

items to be included in the record on appeal and this statement of issues presented on appeal.

## Designation of Items to Be Included in the Record on Appeal

The Appellants designate the following items to be included in the record on appeal in this case.

| Filing Date | Docket # | Docket Text |
|---|---|---|
| 03/25/2013 | 133 | Copy of Memorandum Decision and Order on Combined Appeal By District Court Judge Ted Stewart |
| 04/24/2013 | 135 | Trustee's Status Report in Anticipation of April 25, 2013 Status Conference |
| 05/03/2013 | 136 | Transcript regarding Hearing Held 04/25/13 |
| 05/29/2013 | 137 | Transcript regarding Hearing Held 05/22/13 |
| 06/20/2013 | 138 | Trustee's Memorandum Regarding Decision on Appeal |
| 06/20/2013 | 139 | Memorandum (Aquila's) Regarding Whether the Issues on Remand Can Be Addressed by Summary Judgment at this Stage of the Proceedings |
| 06/20/2013 | 140 | Memorandum of Coal Purchasers Concerning Scope of Mandate |
| 06/20/2013 | 141 | Hiawatha Coal Company, Inc.'s Supplemental Brief Re: District Court Remand |
| 06/20/2013 | 142 | Supplemental Memorandum in Support Filed by Standard Industries, Inc. |
| 07/11/2013 | 143 | Transcript regarding Hearing Held 6/27/13 |
| 10/04/2013 | 155 | Trustee's Motion for Partial Summary Judgment that (1) the Severed Coal is Property of the Estate and (2) The Trustee's Claims to the Severed Coal Are Not Precluded by His Prior Recovery of the Mine; and Memorandum in Support |

| | | |
|---|---|---|
| 11/04/2013 | 163 | Hiawatha Coal Company, Inc.'s Memorandum in Opposition to Trustee's Motion for Partial Summary Judgment that: (1) the Severed Coal is Property of the Estate and (2) the Trustee's Claims to the Severed Coal are not Precluded by his Prior Recovery of the Mine and In Support of Hiawatha's Cross-Motion for Partial Summary Judgment |
| 11/04/2013 | 164 | Cross-Motion for Partial Summary Judgment Filed by Hiawatha Coal Company |
| 11/11/2013 | 168 | Motion for Summary Judgment Filed by Intermountain Power Agency, Commonwealth Coal Services, Inc., and Tennessee Valley Authority |
| 11/11/2013 | 169 | Memorandum in Support of Memorandum for Summary Judgment, and in Opposition to Trustee's Motion Filed by Intermountain Power Agency, Commonwealth Coal Services, Inc., and Tennessee Valley Authority |
| 11/11/2013 | 172 | Supplemental Memorandum in Opposition to Motion for Summary Judgment filed by Standard Industries, Inc. |
| 11/11/2013 | 173 | Motion for Partial Summary Judgment Filed by C.O.P. Coal Development Company, Fidelity Funding Company, Security Funding, Inc. and Standard Industries, Inc. |
| 11/11/2013 | 174 | COP, et al's Memorandum in Opposition to Trustee's Motion for Partial Summary Judgment and in support of COP, et al's Motion for Partial Summary Judgment |
| 11/11/2013 | 175 | Declaration of Charles Reynolds in Support of Motion for Partial Summary Judgment |
| 11/11/2013 | 176 | Supplemental Memorandum in Opposition to Trustee's Motion for Summary Judgment |
| 12/13/2013 | 186 | Memorandum in Support of Motion for Summary Judgment, Memorandum in Opposition, and Motion for Summary Judgment |
| 12/13/2013 | 189 | Response to Standard Industries' Supplemental Memorandum |
| 01/02/2014 | 194 | Reply to Trustee's Memorandum in Opposition to Hiawatha's Cross-Motion for Partial Summary Judgment |
| 01/02/2014 | 195 | Reply Memorandum in Support of Motion for Summary Judgment |

| 01/02/2014 | 197 | Reply Memorandum in Support of C.O.P., et al's Cross Motion for Summary Judgment |
|---|---|---|
| 01/15/2014 | 202 | Transcript regarding Hearing Held 01/08/2014 |
| 06/20/2014 | 215 | Findings of Fact and Conclusions of Law in Support of Order Denying Trustee's Motion for Partial Summary Judgment, Granting Defendants' Cross-Motion for Summary Judgment, and Dismissing Defendants' Rule 56(d) Motion as Moot |
| 06/20/14 | 216 | Order Denying Trustee's Motion for Partial Summary Judgment, Granting Defendants' Cross-Motion for Summary Judgment, and Dismissing Defendants' rule 56(d) Motion as Moot |
| 07/07/2014 | 217 | Notice of Appeal |
| 07/07/2014 | 218 | Election of Appeal to District court |

**Statement of Issues Presented on Appeal**

The Appellants submit the following statement of issues presented on appeal.

1. After the district court "affirm[ed] in part and reverse[d] in part the Bankruptcy Court's decision," did the bankruptcy court err in holding that "the District Court did not reverse any decision of this Court"?

2. Did the bankruptcy court err in ruling that the district court "did not conclude that the coal in situ was property of the estate" where the district court had found that the debtor "held a property interest for purposes of § 541 in the coal in situ" ?

3. Did the bankruptcy court err in failing to determine, as a factual matter, the value of the property right that the district court found the debtor to have held in the coal in situ?

4. Did the bankruptcy court err in deciding the remanded factual issues in the context of summary judgment motions?

4

5.      Did the bankruptcy court err in holding that the estate's exclusive claim is a contract-like claim giving rise to damages where the district court had found that the debtor held, under Utah law, an incorporeal hereditament or intangible property interest in the coal?

6.      Did the bankruptcy court err in holding that the estate's property claims against recipients of estate property are barred by an election of remedies?

Dated this 23rd day of July, 2014.

> RAY QUINNEY & NEBEKER P.C.
>
> /s/ *Brent D. Wride*
> Brent D. Wride
> *Proposed Attorneys for Chapter 11 Trustee*
> *Attorneys for Aquila, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2014, the foregoing ***DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL and STATEMENT OF ISSUES PRESENTED*** was electronically filed with the Clerk of the Court using the CM/ECF system, and therefore electronic notification was sent to all parties whose names appear on the electronic mail notification list for the Court.

                                                         /s/ Patricia Brown

1292233